UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KELLY RICKETTS,

                Plaintiff,                    Case No. 16-cv-13208

v.                                                    Honorable Thomas L. Ludington

CONSUMERS ENERGY COMPANY,

                Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STAY
## AND STAYING PROCEEDINGS

On September 6, 2016, Plaintiff Kelly Ricketts initiated this putative class action against Defendants Consumers Energy Company and CMS Energy Corporation by filing her complaint. *See* Compl., ECF No. 1. Ricketts alleges that "as early as 2015" she began receiving unsolicited, prerecorded phone calls to her wireless phone from Defendants concerning the sale of home appliance insurance and energy saving appliances. *Id*. at ¶ 18. She further alleges that the calls were placed via an Automatic Telephone Dialing System ("ATDS") and by using an artificial or prerecorded voice system. *Id*. at ¶¶ 20-21. As a result, on behalf of herself and all persons in the state of Michigan who received such calls from Defendants or their agents, Plaintiff asserts a claim that Defendants negligently violated the Telephone Consumer Protection Act ("TCPA" or "the Act"), 47 U.S.C. §§ 277 *et seq.*, and a claim that Defendants knowingly or willfully violated the TCPA. *Id*. at ¶¶ 39-50. Plaintiff seeks to recover both statutory damages and injunctive relief. *Id*. at ¶¶ 51-56.

After Defendants filed answers to the complaint, on November 1, 2016 a scheduling order was issued establishing July 3, 2017 as the discovery cut-off, August 3, 2017 as the

dispositive motion cut-off, and December 12, 2017 as the initial day of trial. *See* ECF No. 17. Shortly thereafter, on November 4, 2016 the parties stipulated to the dismissal of Defendant CMS Energy Corporation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

On January 23, 2017 Defendant Consumers moved to stay all proceedings in this action pending the decision of the United States Court of Appeals for the District of Columbia in *ACA International v. FCC*, No. 15-1211 (July 10, 2015). *See* Mot. Stay, ECF No. 20. Defendant alleges that that opinion is expected to address the definition of an ATDS under the Act, which will likely be dispositive of Plaintiff's claims. Plaintiff Ricketts has filed a response opposing the request for a stay. For the reasons stated below, Defendant's motion will be granted.

**I.**

The TCPA makes it unlawful to call a person's cellular phone using either an ATDS or an artificial or prerecorded voice, unless the person has given prior consent or the call is made for emergency purposes. *See* 47 U.S.C. § 227(b)(1)(A)(iii). ATDS is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1). A person or entity who has received a prohibited telephone call may bring a private action to enjoin further violations and to recover "for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation …." § 227(b)(3). The statute also allows a plaintiff to recover treble damages where a defendant is found to have "willfully or knowingly" violated the Act. *Id.*

On July 10, 2015 the FCC issued an Omnibus Declaratory Ruling and Order addressing, among other things, the definition of ATDS under the Act. *In re Rules & Regs. Implementing the TCPA of 1991*, 30 F.C.C.R. 7961 (FCC July 10, 2015) (hereinafter "2015 TCPA Order"). Finding that Congress had intended a broad definition of autodialer, the FCC interpreted the term

"capacity," as used in the definition of an ATDS at § 227(a)(1), to include equipment that lacks the "present ability" to dial randomly or sequentially. *Id*. at 2974. In other words, "capacity" was defined to include equipment that had potential or future capacity to store, produce, and dial random or sequential numbers. *Id.* Importantly, two of the five commissioners issued statements dissenting from this interpretation.

On July 10, 2015 ACA International initiated an appeal of the FCC's 2015 TCPA Order. *See ACA International v. FCC*, No. 15-1211 (July 10, 2015). The appeal, which has since been joined by a large number of petitioners, asks the D.C. Circuit Court to vacate the FCC's broad definition of "capacity" pursuant to the court's authority under the Hobbes Act, 28 U.S.C. §§ 2341 *et seq*. While oral argument took place on October 19, 2016, no final decision has been issued.

## II.

Defendant now moves for a stay of all proceedings related to this action pending a final decision by the D.C. Circuit in *ACA International.* It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). The decision to enter a stay "ordinarily rests with the sound discretion of the district court." *Ohio Envtl. Council v. U.S. Dist. Ct*., 565 F.2d 393, 396 (6th Cir. 1977). However, stays are not to be granted freely, as "a party has a right to a determination of its rights and liabilities without undue delay." *Id*. "The most important factor is the balance of the hardships, but the district court must also consider whether granting the stay will further the interest in economical use of judicial time

and resources." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014) (internal quotations and citation omitted).

In order to prevail in her cause of action, Plaintiff Ricketts must demonstrate that the alleged calls to her cellular telephone involved either (1) an artificial or prerecorded voice or (2) an ATDS system. While Plaintiff's complaint alleges that the calls were made using an artificial or prerecorded voice, that issue is hotly contested by Defendant. Moreover, in her own response to Defendant's motion to stay Plaintiff suggests that after missing a call from Defendant's agent, she placed a phone call to the number at issue and spoke with a live caller. There is therefore a strong possibility that Plaintiff's case will turn on whether the relevant calls were placed using a qualifying ATDS system.

While claiming that the equipment used by its agent does not qualify as an ATDS system under any definition of the term, Defendant argues that a stay is necessary to narrow the scope of fact and expert discovery. Indeed, the decision will resolve whether equipment must have a present capacity to both produce (or store) *and* dial numbers, or the potential capacity to do so. The difference between these definitions equates to a difference in tens of thousands of dollars in expert fees related to the issue of whether equipment might have the potential or future capacity to produce (or store) and dial numbers.

Plaintiff has not identified any real hardship, burden, or prejudice that would result to her from a stay. While she asserts that witnesses' memories may fade and documents may be misplaced, these possibilities are lessened due to the brief nature of the stay. On the other hand, Defendant has identified real administrative and economic hardships that would arise if the parties' engaged in extensive fact and expert discovery, only to have the D.C. Circuit overturn the 2015 FCC Order. It is also in the interest of judicial resources and economy to ensure that

this matter is definitively resolved, and that key issues will not be revisited half-way through the case due to changes in law.

## III.

Accordingly, it is **ORDERED** that Defendant's motion to stay, ECF No. 20, is **GRANTED**. All proceedings related to this action, including third party discovery, is **HEREBY STAYED.**

It is further **ORDERED** that the parties are **DIRECTED** to monitor the docket for the *ACA International* and to file notice with this Court as soon as the D.C. Circuit issues its ruling.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 31, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2017.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager